[Cite as *State v. Long*, 2024-Ohio-2852.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-12-129 |
| | : | O P I N I O N |
| - vs - | : | 7/29/2024 |
| | : | |
| MICHAEL KENNETH LONG, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2023-06-0832

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Law Office of John H. Forg, and John H. Forg, for appellant.

        **BYRNE, J.**

        **{¶ 1}**   Michael Long appeals the sentence imposed by the Butler County Court of Common Pleas after Long was convicted of grand theft of a motor vehicle.  For the reasons outlined below, we affirm the decision of the trial court.

## I. Factual and Procedural Background

{¶ 2}   The underlying facts of this case are simple.  After a co-worker gave Long a ride to their place of employment, Long stole his co-worker's vehicle and totaled it in an accident.  Long was charged with one count of grand theft of a motor vehicle, a fourth-degree felony.  He eventually pleaded guilty to that charge after engaging in a plea colloquy with the trial court.[1]  During the pendency of his case, Long was on house arrest and electronically monitored.

{¶ 3}   At his sentencing hearing, Long argued to be placed on probation due to his diabetes, medications, and the possibility that part of one of his legs would need to be amputated.  Nonetheless, the trial court sentenced Long to 17 months in prison.  Long appealed.

## II. Legal Analysis

{¶ 4}   Long's sole assignment of error states:

THE IMPOSITION OF A PRISON SENTENCE IS INEFFECTIVE.

{¶ 5}   Within this assignment of error, Long's brief broaches four separate legal issues.  We note that the first and fourth issues do not relate to Long's stated assignment of error.  In addition, Long concedes that several issues he raises are not supported by the law or the record.  Nonetheless, we will briefly examine each issue.

{¶ 6}   First, Long appears to question the validity of his plea.  Generally speaking, "a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10.  Not only is the effectiveness of Long's plea unrelated

---

1. A "plea colloquy" is "[a]n open-court dialogue between the judge and a criminal defendant . . . just before the defendant enters a plea, [and it is meant] to establish that the defendant understands the consequences of the plea."  PLEA COLLOQUY, *Black's Law Dictionary* (12th ed. 2024).

to the stated assignment of error, but Long states that the trial court's "plea colloquy satisfied the requirements of law." Thus, in his own words, we conclude that Long "cannot challenge the validity of his negotiated pleas [sic]."

**{¶ 7}** We overrule Long's assignment of error as to this first issue.

**{¶ 8}** Second, Long argues the trial court failed to consider his medical conditions when it sentenced him to 17 months of imprisonment. A felony of the fourth degree may be punished by up to 18 months in prison. R.C. 2929.14(A)(4). In imposing a sentence, the trial court must consider various factors relating to the seriousness of the defendant's conduct and his likelihood to commit crime again. *See generally*, R.C. 2929.12. Under the statute, a trial court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing . . . ." *Id.* Under R.C. 2953.08(G)(2), an appellate court may alter the sentence imposed by the trial court if it "clearly and convincingly finds . . . that the record does not support the sentencing court's findings . . . [or] [t]hat is otherwise contrary to law." *State v. Willis*, 2024-Ohio-2210, ¶ 64 (12th Dist.).

**{¶ 9}** Here, Long admits that his sentence falls within the range allowed under Ohio law. Nonetheless, Long asserts the trial court should have considered placing him on probation due to his medical condition. However, Long makes no legal argument and points to no legal authority asserting why his medical condition is relevant to determine an appropriate sentence. We will not endeavor to create an argument for him.

**{¶ 10}** We overrule Long's assignment of error as to this second issue.

**{¶ 11}** Third, Long appears to argue the trial court should have granted his request for jail-time credit for the time he spent on house arrest and electronic monitoring. Yet, Long also recognizes this court has expressly held "an individual subjected to house arrest may not be awarded jail-time credit for the time spent on house arrest . . . because an individual's liberties, freedom of choices, and movement are not restrained to an extent

commonly associated with being 'confined.'" *State v. Porter*, 2018-Ohio-3123, ¶ 19 (12th Dist.).

{¶ 12} We overrule Long's assignment of error as to this third issue.

{¶ 13} Fourth, Long's appellate counsel asserts that "Long may complain that his trial counsel was ineffective." Yet, Long's appellate counsel states that after review of the record, there is no evidence that Long's trial counsel was ineffective.

{¶ 14} We overrule Long's assignment of error as to this fourth issue, to the extent that Long can even be considered to have raised this issue.

### III. Conclusion

{¶ 15} In conclusion, we determine Long has identified no errors in the underlying proceedings by the trial court or by counsel. We overrule Long's sole assignment of error.

{¶ 16} Judgment affirmed.


S. POWELL, P.J., and PIPER, J., concur.